# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GOVERNMENT ACCOUNTABILITY PROJECT**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**FOOD AND DRUG ADMINISTRATION,**<br><br>　　Defendant. | Civ. No.: 1:12-cv-01954 (RDM) |

### DEFENDANT ANIMAL HEALTH INSTITUTE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Animal Health Institute ("AHI"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required. To the extent a response is deemed required, AHI denies the allegations in paragraph 1.

#### Jurisdiction and Venue

2. The allegations in paragraph 2 state legal conclusions to which no response is required. To the extent a response is deemed required, AHI denies the allegations.

#### Parties

3. AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 3.

4. AHI admits that FDA is an agency of the United States government. The remaining allegations in paragraph 4 state a legal conclusion and/or are vague, and no response is required.

5. Paragraph 5 states a conclusion of law to which no response is required. To the extent that a response is required, AHI states that the paragraph contains a characterization of 5 U.S.C. § § 552(a) and (b), and that the statutory provision speaks for itself.

6. Paragraph 6 states a conclusion of law to which no response is required. To the extent that a response is required, AHI states that the paragraph contains a characterization of 5 U.S.C. § 552(b)(4), and that the statutory provision speaks for itself

7. Paragraph 7 states conclusions of law to which no response is required. To the extent that a response is required, AHI states that the paragraph contains characterizations of 21 U.S.C. § 360b(l)(3), and that the statutory provision speaks for itself.

## Facts

8. Upon information and belief, AHI admits the allegations in paragraph 8.

9. Upon information and belief, AHI admits the allegations in paragraph 9.

10. Upon information and belief, AHI admits that FDA sent a letter to GAP, dated February 15, 2011, and granted GAP's request for a waiver of fees.

11. Upon information and belief, AHI admits that on May 4, 2011, FDA provided GAP with documents in response to part of GAP's FOIA request.

12. Upon information and belief, AHI admits that in May 2011, FDA was still reviewing parts (2) and (3) of GAP's request for information. AHI lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 12.

13. Upon information and belief, AHI admits that FDA sent GAP a letter dated June 7, 2011. Upon information and belief, AHI further admits that FDA denied GAP's request to release certain records in response to GAP's February 10, 2011 FOIA request. AHI lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 13.

14. Upon information and belief, AHI admits that GAP sent a letter, dated July 11, 2011, to the Office of the Secretary for Public Affairs, United States Department of Health and Human Services. AHI lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 14.

15. AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 15.

16. AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 16.

17. Upon information and belief, AHI admits that on July 5, 2012, Mary McCarthy called GAP and left a message seeking to clarify GAP's request. AHI lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 17.

18. Upon information and belief, AHI admits the allegations in paragraph 18.

19. Upon information and belief, AHI admits the allegations in paragraph 19.

20. AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 20.

21. Upon information and belief, AHI admits that on July 16, 2012, GAP spoke to Ms. McCarthy, that Ms. McCarthy suggested that GAP clarify its request in writing, and that Ms. McCarthy provided GAP with an e-mail address for her office. AHI lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 21.

22. Upon information and belief, AHI admits that GAP called Mary McCarthy on July 30, 2012. AHI lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 22.

23. AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 23.

24. Upon information and belief, AHI admits that FDA denied GAP's request to release certain records in response to GAP's February 10, 2011 FOIA request. AHI otherwise lacks knowledge sufficient to admit or deny the allegations in paragraph 24.

25. AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 25.

26. The allegation in paragraph 26 states a legal conclusion to which no response is required. To the extent a response is deemed required, AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 26.

27. The allegations in paragraph 27 state a legal conclusion to which no response is required. To the extent a response is deemed required, AHI denies the allegations.

28. The allegations in paragraph 28 state a legal conclusion to which no response is required. To the extent a response is deemed required, AHI denies the allegations.

29. The allegations in paragraph 29 state a legal conclusion to which no response is required. To the extent a response is deemed required, AHI denies the allegations.

30. The allegations in paragraph 30 state a legal conclusion and/or are vague and overly broad, and no response is required. To the extent a response is deemed required, AHI denies the allegations.

31. The allegations in paragraph 31 state a legal conclusion and/or are vague and overly broad, and no response is required. To the extent a response is deemed required, AHI denies the allegations.

32. The allegations in paragraph 32 state a legal conclusion and/or are vague and overly broad, and no response is required. To the extent a response is deemed required, AHI denies the allegations.

### Count I

33. AHI incorporates by reference its responses to paragraphs 1-32.

34. To the extent that paragraph 34 states a legal conclusion, no response is required. To the extent a response is deemed required, AHI lacks knowledge sufficient to admit or deny the allegations in paragraph 34.

35. The allegations in paragraph 35 state a legal conclusion to which no response is required. To the extent a response is deemed required, AHI denies the allegations.

36. The allegations in paragraph 36 state a legal conclusion to which no response is required. To the extent a response is deemed required, AHI denies the allegations.

### Prayer for Relief

The "Wherefore" clause contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, AHI denies that Plaintiff is entitled to the relief requested in paragraphs 1-4 of the Wherefore clause, or any other relief for the claims alleged in the Complaint.

AHI denies each and every allegation of the Complaint not specifically and expressly admitted herein.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The information Plaintiff requests is exempt from disclosure by one or more statutes, including but not limited to 5 U.S.C. 552(b)(3), (4), and 21 U.S.C. § 360b(l)(3). Disclosure of such information is not required or permitted.

3. AHI reserves the right to assert additional defenses that become available or apparent during the course of this litigation and reserves the right to amend this answer to assert such defenses.

WHEREFORE, AHI respectfully requests that this Court:

a. Dismiss Plaintiff's claims in their entirety with prejudice;

b. Enter judgment for AHI and against Plaintiff;

c. Award AHI its costs and fees; and

d. Grant such other and further relief as may be just and proper.

Dated: January 5, 2015                    Respectfully submitted,


  /s/ Shankar Duraiswamy

Mark H. Lynch (D.C. Bar # 193110)
Shankar Duraiswamy (D.C. Bar # 501702)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
+ 1 202 662 6000
mlynch@cov.com
sduraiswamy@cov.com

*Attorneys for Intervenor-Defendant, Animal Health Institute*